**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 15-cr-00076-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICHOLAS JAMES JENSEN,

    Defendant.

---

**ORDER
FOR COMPETENCY AND SANITY EXAMINATION AND DETERMINATION**

---

**Blackburn, J.**

This matter is before me for consideration of **Defendant's Motion For Mental Health Evaluation** [#21][1] filed May 28, 2015, by counsel for the defendant. The government does not object. Thus, I grant the motion and commission a competency-sanity evaluation and report.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion For Mental Health Evaluation** [#21] filed May 28, 2015, is granted;

2. That a psychiatric or psychological examination of the defendant shall be conducted by a licensed or certified psychiatrist or psychologist to be designated and provided by the Bureau of Prisons;

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

3. That the defendant, who is in the custody of the Attorney General, shall be placed forthwith at the Federal Detention Center or the Federal Correctional Institution,[2] 9595 W. Quincy Avenue, Englewood, Colorado 80123, or at some other suitable facility, for a period not to exceed thirty (30) days from the date of this order to facilitate the psychiatric or psychological examination and to implement the orders of this court;

4. That the licensed or certified psychiatrist or psychologist conducting the psychiatric or psychological examination shall be granted reasonable access to the defendant to facilitate the psychiatric or psychological examination and to implement the orders of this court;

5. That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the psychiatric or psychological examination of the defendant, a psychiatric or psychological report shall be prepared by the licensed or certified psychiatrist or psychologist conducting the examination and shall be filed with the court, with copies to counsel for the government and the defendant;

6. That pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4)(A) and (B), the psychiatric report shall include the following:

    a. The defendant's history and present symptoms;

    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions as to the diagnosis and prognosis;

---

[2] Under **Fed. R. Evid. 201**, I take judicial notice that the Federal Detention Center and the Federal Correctional Institution each qualify as a "suitable facility" as defined by 18 U.S.C. § 4247(a)(2) and as required by 18 U.S.C. § 4247(b).

    e. The examiner's opinion about whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[3]; and

    f.  The examiner's opinion about whether the defendant was insane at the time of the offense charged in the Indictment [#1] filed February 24, 2015[4];

  7. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from any competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

  8. That the court shall conduct a status conference on September 3, 2015, at 1:15. p.m. (MDT), when counsel and the defendant, if practicable in his circumstances, shall appear without further notice or order.

  Dated June 1, 2015, at Denver, Colorado.

                **BY THE COURT:**

                */s/ Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge

---

[3]  Because 18 U.S.C. § 4241 is apposite, the examiner must opine as to competency as required by 18 U.S.C. § 4247(c)(4)(A).

[4]  Because 18 U.S.C. § 4242 is apposite, the examiner must opine as to sanity as required by 18 U.S.C. § 4247(c)(4)(B).