**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 15-cr-00076-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. NICHOLAS JAMES JENSEN,

      Defendant.

## ORDER DETERMINING COMPETENCY

**Blackburn, J.**

On September 9, 2015, this matter came before me for hearing under 18 U.S.C. §§ 4241 and 4247(d), for determination of the defendant's competency. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered the evidence adduced during the competency hearing, including the **Forensic Evaluation** [#26] (including Attachments 1 - 5)[1] filed (under restriction) August 6, 2015; having considered the reasons stated, arguments advanced, and authorities cited by the parties; I enter the following findings of fact,[2] conclusions of law, and orders to confirm and supplement those entered from the bench in open court.

---

    [1]    The competency evaluation was admitted in evidence by stipulation of the parties who also waived the right and opportunity to present further evidence or argument.

    [2]    My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**FINDINGS AND CONCLUSIONS:**

1. On June 1, 2015, I entered an **Order For Competency And Sanity Examination and Determination** [#23], granting the **Defendant's Motion for Mental Health Evaluation** [#21] filed May 28, 2015, on behalf of Mr. Jensen.

2. Pursuant to my order and 18 U.S.C. § 4247(b), Jessica Micono, Psy.D., a forensic psychologist with the Federal Bureau of Prisons, conducted a psychological, *i.e*, competency, examination of the defendant.  On August 6, 2015, I received and reviewed Dr. Miconoi's competency examination report [#126] (including Attachments 1 - 5). The report included the information, diagnosis, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4).  With the blessings of the parties, I may and do approve, adopt, and incorporate the findings, diagnoses, and opinions of Dr. Micono, who opines that Mr. Jensena is competent to proceed.

3.  The defendant, Nicholas James Jensen, is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, Mr. Jensen is competent to proceed. 4. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay from the filing of defendant's motion [#21] on May 28, 2015, to the date of the competency hearing on September 9, 2015, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Nicholas James Jensen**, is declared competent to proceed;

2. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay from the filing

of defendant's motion [#21] on May 8, 2015, to the date of the competency hearing on September 9, 2015, resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c);

3. That this case is continued to September 25, 2015, at 2:15 p.m. (MDT), for status conference and further proceedings;

4. That counsel and the defendant shall appear at the next hearing without further notice or order; provided, further, that to the extent necessary, the United States Marshal for the District of Colorado shall assist the court in securing the appearance of the defendant; and

5. That the custody of the defendant is remanded to the United States Marshal for continued detention.

Dated September 9, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge